

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 25, 2013

By Electronic Mail

Lara Quint, Esq.
The Office of the Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004

**FILED**

SEP 0 5 2013

U.S. DISTRICT COURT

    Re:    <u>United States v. Wesley Hawkins</u>
             Criminal Case No. 13-CR-244 (KBJ)

Dear Counsel:

    This letter sets forth the full and complete plea offer to your client, Wesley Hawkins (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

    **1.**    **Charges and Statutory Penalties**

    Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging him with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5).

    Your client understands that a violation of 18 U.S.C. § 2252A(a)(5) carries a maximum sentence of 20 years of imprisonment pursuant to 18 U.S.C. § 2252A(b)(2), if any image involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age; a fine of $250,000, pursuant to 18 U.S.C. § 357(d); a term of supervised release – after any period of incarceration – of not less than 5 years or life pursuant to 18 U.S.C. § 3583(k);

1

mandatory restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that, if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

### 2. Factual Stipulations

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that, prior to or during the plea hearing, your client will adopt and sign the Statement of Offense as a written proffer of evidence.

### 3. Additional Charges

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. Your client agrees that, with respect to any and all dismissed charges, your client is not a "prevailing party" within the meaning of the "Hyde Amendment," § 617, P.L. 105-119, Title VI (Nov. 26, 1997), and will not file any claim under that law.

After the entry of your client's plea of guilty to the offense(s) identified in paragraph (1) above, your client will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this agreement and about which the United States Attorney's Office for the District of Columbia was made aware by your client prior to the execution of this agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this agreement.

### 4. Sentencing Guidelines Stipulations

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the applicable guidelines and policies promulgated by the United States Sentencing Commission, *Guidelines Manual* (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal

Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

### A. Offense Level Under the Guidelines

The parties agree that the following Sentencing Guidelines sections apply:

**U.S.S.G. § 2G2.2**
| | | |
|---|---|---|
| (a)(1) | Base Offense Level | 18 |
| (b) | Specific Offense Characteristics | |
| (b)(2) | material involved prepubescent minors | +2 |
| (b)(3)(F) | distribution other than described in A through E | +2 |
| (b)(4) | material portrayed sadistic or masochistic conduct or other depictions of violence | +4 |
| (b)(6) | offense involved use of computer | +2 |
| (b)(7)(D) | offense involved more than 600 images | +5 |
| | Total | 33 |

Acceptance of Responsibility

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence. [Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction will be appropriate, pursuant to U.S.S.G § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.]

Nothing in this Plea Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw his guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Plea Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Plea Agreement.

In accordance with the above, the applicable Guidelines Offense Level will be at least 30.

### B. Criminal History Category

Based upon the information now available to this Office (including the representations by the defense), your client has no known prior convictions. Accordingly, your client's Criminal History Category is estimated to be I.

### C. Applicable Guidelines Range

Based upon the calculation set forth above, your client's stipulated Sentencing Guidelines range is 97 months to 121 months (the "Stipulated Guidelines Range"). In addition, the parties agree that, should the Court impose a fine, at Guidelines level 30, the applicable fine range is $15,000 to $150,000.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Plea Agreement. Should your client commit any conduct after the execution of this Plea Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or Court), the Government is free under this Plea Agreement to seek an increase in the base offense level based on that post-agreement conduct.

### 5. Agreement as to Sentencing Allocution

The parties agree that neither a downward nor upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment to the Stipulated Guidelines Range, nor will either party suggest that the Court consider such a departure or adjustment.

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, your client reserves the right to seek a sentence below the Stipulated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

### 6. Reservation of Allocution

Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to

file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. **Court Not Bound by the Plea Agreement or the Sentencing Guidelines**

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.

8. **Conditions of Release**

Your client acknowledges that, although the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release, including requesting that your client be detained pending sentencing, if your client engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or pose a danger to any person or the community.

9. **Waiver of Rights**

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. At trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose

5

whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that his failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client was found guilty after a trial, your client would have the right to appeal his conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

### 10.     Restitution

Your client understands that in addition to the other penalties provided by law, pursuant to 18 U.S.C. §§ 2259 and 3664, it is mandatory that the Court order your client to make restitution for the full amount of any victim(s)' compensable losses. Because the government may not yet have identified all victims of your client's crime or know whether restitution will be requested, your client understands and that the government will request that the Court order restitution for any identified victim for the full amount of his/her losses that were caused by your client's crime that is the subject of this plea agreement.

Your client understands that an unanticipated request for restitution by a victim(s) or an unanticipated amount of a restitution ordered by the Court will not serve as grounds to withdraw your client's guilty plea. Your client also understands that the Court may not decline to order restitution because of your client's economic circumstances or the fact that the victim(s) have, or may be entitled to, receive compensation for any losses from any other source. Restitution is payable immediately at the time of sentencing unless ordered otherwise by the Court.

Payments of restitution shall be made to the Clerk of the Court. Your client agrees that your client will submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. Your client promises that his financial statement and disclosures will be complete, accurate, and truthful.

Your client expressly authorizes the U.S. Attorney's Office to obtain a credit report on your client in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment.

Your client certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by

the Agreement and/or that may be imposed upon your client by the Court. In addition, your client promises that your client will make no such transfers in the future until your client has fulfilled the financial obligations under this agreement.

**11.   Forfeiture**

The United States of America and the defendant hereby agree that the following computers, computer media, computer peripherals, and other items seized from the defendant, and currently in the custody and/or control of the Federal Bureau of Investigation were properly seized and were involved in or used in violation of Federal law by the defendant:

A.   Toshiba Laptop S/N 8A119833A, with hard drive S/N 70QIF1YNS, seized from the defendant's residence on or about June 10, 2013; and

B.   Cellular telephone iPhone IMEI # 990002833685140, seized from the defendant's residence on or about June 10, 2013.[1]

The defendant agrees that these items are subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of this property by the United States. As such, the defendant hereby relinquishes all claim, title, and interest he has in the above-referenced property to the United States of America and consents to the civil, administrative, or judicial forfeiture of the property. The defendant agrees that he will not file a claim to this property and withdraws any claim for the property that he may have filed. The defendant knowingly and voluntarily waives any right to notice provided for in 18 U.S.C. § 983. The defendant also hereby consents to the property's destruction by the law enforcement agency. The defendant certifies that he is the sole owner of the property listed above, and that no one else has an ownership interest in this property.

The defendant agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant is liable should any third party claim of ownership arise for the property listed above.

**12.   Sex Offender Registration**

Your client acknowledges and agrees that pursuant to the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250, 42 U.S.C. §§ 16911(2), 16915(a)(1), he is required to register as a sex offender for a minimum period of 15 years and to keep the registration current in jurisdictions where he resides, where he is employed and where he is a student. Your client understands that the requirements for registration include providing the registrant's name,

---

[1]   In the event that the government determines that the cell phone was not used to facilitate criminal activity prior to the defendant's sentencing hearing, the government will return the cell phone to the defendant from whom it was seized."

7

residence address, and the names and addresses of any places where the registrant will be employed or a student, among other information. Your client understands that should he knowingly fail to comply with his obligations under the Sex Offender Registration and Notification Act, pursuant to 18 U.S.C. § 2250, he could be prosecuted for the offense of failure to register and subject to a term of up to ten years imprisonment, a fine or both. Your client further understands that compliance with the requirements of the Sex Offender Registration and Notification Act is a specific condition of supervised release pursuant to 18 U.S.C. § 3583 and that failure to comply with these obligations under the Act could subject your client to revocation of supervised release in addition to prosecution for the felony offense of failure to register.

### 13.    Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, whether or not the debriefings were previously characterized as "off the record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws his guilty plea.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's

8

obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### 14. Waiver of Statute of Limitations

It is further agreed that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### 15. Waiver of Appeal

Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client agrees to waive the right to appeal the sentence in this case, including any term of imprisonment, fine, award of restitution, term of supervised release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or applicable guidelines range, in which case your client would have the right to appeal the illegal sentence or above-guidelines sentence, but not to raise on appeal other issues regarding the sentencing. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Plea Agreement. Your client reserves the right to make a collateral attack upon your client's sentence, pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to your client.

### 16. Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not

bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

                              Sincerely yours,

                              RONALD C. MACHEN JR.
                              United States Attorney

By: _____
                              Cassidy Kesler Pinegar
                              Bar No. 490-163
                              Assistant United States Attorney
                              (202) 252-7765
                              Cassidy.Pinegar@usdoj.gov

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 09/05/13

Wesley Hawkins
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client and fully discussed the provisions of the Agreement with my client. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 9/5/13

Lara Quint, Esq.
Attorney for the Defendant