UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) | Case No.: 13-cr-244 (KBJ) |
| **WESLEY HAWKINS,** | ) ) ) | |
| **Defendant.** | ) ) | |

### NOTICE OF ADDITIONAL AUTHORITIES

Defendant, Wesley Hawkins, through undersigned counsel, respectfully submits this Notice of Additional Authorities.  By this Notice, counsel respectfully submits additional authorities the defense submits are relevant to the appropriate sentence in this case.  The authorities cited below relate to Mr. Hawkins' vulnerability to victimization or abuse in prison, were the Court contemplating prison in this case.

The National Prison Rape Elimination Commission, in a study released on June 24, 2009, reports "an estimated that 60,500 State and Federal prisoners were sexually abused during [2006]."  Executive Summary at http://nprec.us/publication/report/executive_summary.php; *see also* Jeannie Suk, *Redistributing Rape*, 48 American Criminal Law Review at 111 (Winter, 2011) ("Prison is hell.  If there is anything in today's United States that may approximate Hobbes' state of nature, where men live in continual fear and danger of violent death by other men, and security is whatever man's own strength and invention enables, it must be the modern prison.  There, the war of all against all is not merely chaos, but, rather, reveals consistent patterns as the stronger inevitably subordinate the weaker.  One such undeniable pattern is the central and routine place of rape and its threat in the social system of the prison.").  The defense submits that Mr.

Hawkins' likelihood of abuse is increased due to the fact that, as previously noted, he is not eligible for placement in a minimum security prison camp.[1]

Courts, including both the Supreme Court and the D.C. Circuit, have held that it is appropriate for a sentencing court to consider the defendant's potential victimization if sent to prison.  *See Koon v. United States*, 518 U.S. 81 (1996) (no abuse of discretion to grant downward departure to police officers convicted of civil rights violation because of vulnerability in prison); *United States v. Graham*, 83 F.3d 1466, 1481 (D.C. Cir. 1996) (extreme vulnerability to abuse in prison grounds for departure; case remanded to consider such); *see also United States v. LaVallee* 439 F.3d 670 (10th Cir. 2006) (District court did not abuse its discretion when it gave defendants who were former prison guards a downward departure based on their susceptibility to abuse in prison after they were convicted of conspiring to deprive inmates of their constitutional rights); *United States v. Parish*, 308 F.3d 1025 (9th Cir. 2002) (eight level departure in child porn case in part because defendant would have "high susceptibility to abuse in prison" because of "his demeanor, his naiveté, and the nature of the offense"); *United States v. Long*, 977 F.2d 1264, 1277-78 (8th Cir. 1992) (affirms downward departure from 46 months to one-year home detention because defendant potentially subject to victimization in prison); *United States v. Lara*, 905 F.2d 599, 605 (2d Cir. 1990) (upholding downward departure where defendant's youthful appearance and bisexuality made him "particularly vulnerable to prison victimization"); *United States v. Gonzalez*, 945 F.2d 525 (2d Cir. 1991) (downward departure affirmed where defendant had "feminine cast to his face" and "softness of features" which would make him prey to long-term prisoners); *United States v Rausch* 570 F. Supp. 2d 1295 (D. Colo. 2008) (where defendant

---

[1] *See* Mr. Hawkins' Memorandum in Aid of Sentencing at 1 n.1.

convicted of possession of child pornography and guidelines 120 months, court orders sentence of 1 day jail and supervised release for life with home detention up to probation office in part because "client's vulnerability to victimization in prison in an unnecessary and unacceptably high risk" —notwithstanding BOP statement that it could keep the defendant safe it was clear "that violence against inmates especially sex offenders does occur and that vulnerable inmates are at greater risk of violence than typical inmate populations." ); *United States v. Ruff*, 998 F. Supp. 1351 (M.D. Ala. 1998) (granting downward departure and sentencing defendant to home detention where he broke into post office because slim, effeminate, and gay – was assaulted previously in prison – cites law review articles); *see* Marjorie Rifkin, *Farmer v. Brennan: Spotlight on an Obvious Risk of Rape in a Hidden World*, 26 Colum. Hum. Rts. L. Rev. 273, 276, 278, and n. 24 (1995) ("[B]rutal assault and homosexual rape are facts of daily life in men's prisons . . . Correctional administrators have long recognized that prisoners likely to be victimized are overwhelmingly young first offenders of slight build with passive, soft-spoken personalities."); Jeff Potts, *American Penal Institutions and Two Alternative Proposals for Punishment,* 34 S. Tex. L. Rev. 443, 470-72 (1993) (citing statistics concerning inmate-on-inmate sexual assault, noting effects of rape and the groups of inmates who are more at risk for rape); *United States v. Wilke*, 995 F. Supp. 828 (N.D. Ill. 1998) (testimony by prisoner-turned-professor persuades court that defendant's appearance and conviction of sex offense subjects him to physical abuse in prison and warrants departure); *United States v. Shasky*, 939 F. Supp. 695 (D. Neb. 1996) (downward departure for receiving material via computer involving pornographic images of minors, as case was outside "heartland" due to defendant's unusual susceptibility to abuse in prison and defendant's extraordinary post-offense efforts at

rehabilitation; defendant was homosexual state trooper of diminutive stature and weight).

                                                     Respectfully submitted,

                                                     A.J. Kramer
                                                     Federal Public Defender

                                                            /s/
                                                     Jonathan S. Jeffress
                                                     Assistant Federal Public Defender
                                                     625 Indiana Ave., N.W., Suite 550
                                                     Washington, D.C.  20004
                                                     (202) 208-7500